***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order except for minor modifications; therefore, the Full Commission AFFIRMS the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pre-trial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. It is stipulated that all parties are properly before the North Carolina Industrial Commission, and the North Carolina Industrial Commission has jurisdiction of the parties and of the subject matter of this action.
2. It is stipulated that all parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. If any of the parties is appearing in a representative capacity, it should be set out whether there is any question concerning the validity of the appointment of the representatives. Letters or orders of appointment should be included as exhibits.
4. The parties stipulate that any and all medical records concerning plaintiff are authentic as they are maintained in the course of activity of the physicians or institutions identified.
5. In addition to the other stipulations contained herein, the parties hereto stipulate and agree with respect to the following undisputed facts:
 (a) Plaintiff fell outside of Lou's Beach Bingo on Tenth Street in Greenville, North Carolina on or about January 4, 1997 at approximately 1:00 a.m.
In addition to the stipulations in the Pre-Trial Agreement, the parties stipulated the following exhibits into evidence at hearing:
1. Plaintiff's medical records.
2. Deposition of Dr. Franklin.
3. Deposition of Dr. Finestone.
4. Deposition of Dr. McLeod.
5. Photographs (7 pages)
6. GAL Application from first Tort Claim.
7. I.C. Form T0-1 from first Tort Claim.
8. Answer from first Tort Claim.
 9. Trial transcript from plaintiff's case against City of Greenville.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff was injured when she fell outside Lou's Beach Bingo on Tenth Street in Greenville, North Carolina on or about January 4, 1997 at approximately 1:00 a.m.
2. William Earl Barnhill, a security guard at Lou's Beach Bingo, testified that he walked plaintiff to her car late in the evening of January 4, 1997. Plaintiff was carrying a cup of coffee as she walked to her car.
3. Mr. Barnhill testified that he did not need a flashlight to escort plaintiff to her car because of the streetlight.
4. Mr. Barnhill testified that he had seen the broken curb prior to plaintiff's fall and that the broken curb was obvious. Mr. Barnhill testified that no other customer had tripped over a broken curb or sidewalk in the fifteen years he had worked at Lou's Beach Bingo.
5. Mr. Barnhill was talking to plaintiff as they walked to her car, and all at once he did not see her. Mr. Barnhill did not see plaintiff trip or fall. Mr. Barnhill did see plaintiff lying on the ground after the fall.
6. Plaintiff's daughter, Cassandra Edwards, testified that plaintiff had been going to Lou's Beach Bingo three times a week for five years.
7. Cassandra Edwards admitted that during the trial against the City of Greenville she testified that plaintiff fell on the sidewalk. However, plaintiff's daughter was not present when plaintiff fell on January 4, 1997.
8. Plaintiff submitted into evidence many of her medical records which defendant stipulated to admission. In the medical records submitted by plaintiff, it reveals that plaintiff suffered from weakness in her legs as well as fibromyalgia which existed prior to her fall. In addition less than three months prior to her fall, plaintiff was treated by her doctor for weakness in her legs. According to the record, plaintiff stated to her doctor that her legs "keep giving away" and plaintiff wondered if she needed to stop working all together.
9. The medical records submitted by plaintiff reveal that plaintiff complained of dizziness and blurred vision less than thirty days before the fall.
10. The medical records also state that plaintiff stated to hospital personnel the night of her accident that she tripped on the sidewalk.
11. Mr. Gerald England, a retired DOT employee, was Division Operations Engineer for Division II on January 4, 1997. Mr. England directed a search of DOT records for any complaints prior to January 4, 1997 regarding the section of Tenth Street in front of Lou's Beach Bingo. This search yielded no records nor recollections by personnel of any complaints prior to January 4, 1997.
12. Mr. Raymond Allen Lewis has worked for the North Carolina Department of Transportation for seventeen years. Mr. Lewis is the current County Maintenance Engineer in Beaufort County. At the time of plaintiff's fall, Mr. Lewis was the County Maintenance Engineer in Pitt County. Mr. Lewis testified that the DOT does not maintain the sidewalk on Tenth Street, rather it is the City's responsibility. Mr. Lewis testified that the landowner at the time the driveway was installed would have poured the radius. Mr. Lewis was not aware of any complaints or requests for repair of the curb in front of Lou's Beach Bingo prior to January 4, 1997. Mr. Lewis illustrated the areas of responsibility for the DOT, the City of Greenville, and the landowner by marking on the bottom photo on the last page of stipulated exhibit 5.
13. Mr. Neal Andrew Brown, a retired DOT employee, was Division Maintenance Engineer for Division II on January 4, 1997. Mr. Brown testified that DOT was responsible for the area between the expansion joints, the street and curb. Mr. Brown was the only state employee named as negligent by plaintiff.
14. No evidence regarding Mr. Brown's duties or acts in January, 1997 was presented by plaintiff beyond his being the supervisor of Mr. Lewis.
15. Plaintiff did not testify in this case.
16. As a result of plaintiff's fall on January 4, 1997, plaintiff incurred a closed head injury and has sustained memory loss and an inability to carry out adult living activities. Plaintiff will require future medical treatment including medication management and psychotherapy.
17. As a result of her fall, plaintiff has incurred $34,000 in medical expenses and is permanently and totally disabled with great loss of earning potential.
18. The Full Commission finds that the damage to the curbing as shown in stipulated exhibit #5 was part of the radius of the driveway and defendant was not responsible for pouring or maintaining this area of the curbing.
19. The area where plaintiff fell was well lighted and plaintiff was holding a cup of coffee and talking to Mr. Barnhill as they walked. Plaintiff had been to this place many times. Plaintiff failed to keep a proper lookout and failed to exercise due care and her conduct contributed to her January 4, 1997 fall and resultant injuries.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. To recover under the North Carolina Tort Claims Act, it is necessary that the affidavit filed in support of the claim and the evidence offered before the Commission identify the employee alleged to have been negligent and set forth the specific act or acts of negligence relied upon. In the present case, there was no negligence on the part of any named officer, employee, or agent of the State while acting within the scope of his employment which proximately caused any of plaintiff's injuries. N.C.G.S. § 143-291.
2. Assuming there was negligence by a named officer, employee, or agent of the State while acting within the scope of his or her office, plaintiff's claim is barred by her own negligence. A proximate cause of the accident was the negligence of plaintiff in not watching where she was walking and for failing to notice normal defects in outdoor sidewalks that are so common as to be expected by prudent persons. N.C.G.S. §143-299.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs, except defendant shall pay an expert witness fee to Dr. Douglas Finestone in the amount of $250.00 if he has not already done so.
This the ___ day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER